UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff, <br> v. <br> **WILFRIDO GOMEZ TORRES**, <br> Defendant. | Case No.  09-cr-00069-DLJ-1 <br><br> **ORDER DENYING MOTION TO REDUCE SENTENCE** <br> Re: Dkt. No. 38 |

On October 6, 2015, defendant Wilfrido Gomez Torres filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  (Dkt. No. 38.)  On February 9, 2016, the probation office prepared a sentence reduction investigation report concluding the defendant is not entitled to a reduction.  (Dkt. No. 39.)

Having read and carefully considered the papers submitted, and for the reasons explained below, the Court **DENIES** the defendant's motion.

 "Under § 3582(c)(2), a defendant is eligible for a sentence reduction if two prongs are satisfied: (1) the sentence is *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission and (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Pleasant*, 704 F.3d 808, 810-11 (9th Cir. 2013) (quoting 18 U.S.C. § 3582(c)(2)) (internal quotations and citation omitted) (emphasis in original).

Defendant's motion for a reduction in sentence is premised upon Amendment 782 (which reduced by two the offense level for many drug trafficking offenses).  The U.S. Sentencing Commission provided a November 1, 2014 effective date for the amendment, which was issued on July 18, 2014.  U.S. Sentencing Commission Guidelines ("USSG") section 1B1.10(a)(1) provides that a defendant's sentence may be reduced where the applicable guideline range has been lowered

1   as a result of an amendment.

2   　　　　The Court has reviewed the defendant's motion, the sentence reduction investigation
3   report, and the underlying docket.  These materials demonstrate that the defendant was sentenced
4   to the mandatory minimum term under the statute of 120 months (Dkt. No. 33).  *See* 21 U.S.C. §§
5   846, 841(a)(1), 841(b)(1)(A)(viii).  Accordingly, the Court finds that the defendant is not eligible
6   for a sentencing reduction pursuant to Amendment 782 as his sentence could not be decreased by
7   virtue of the amendment.  *See United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009)
8   (holding a defendant was not entitled to reduction where the sentence was based on the applicable
9   statutory mandatory minimum rather than on a sentencing range that was subsequently lowered).

10   　　　　Accordingly, the defendant's motion for a sentencing reduction is **DENIED**.

11   　　　　This Order terminates Docket Number 38.

12   　　　　**IT IS SO ORDERED.**

13   Dated: March 25, 2016

14   
15   　　　　　　　　　　　　　　　　　　　　　　**YVONNE GONZALEZ ROGERS**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California

2